NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO
K.L., L.L., AND W.L.

No. 1 CA-JV 22-0182
FILED 4-18-2023

---

Appeal from the Superior Court in Mohave County
No. S8015JD202000092
The Honorable Aaron M. Demke, Judge *Pro Tempore*

**VACATED AND REMANDED**

---

COUNSEL

Your AZ Lawyer Phoenix
By Robert I. Casey
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Autumn Spritzer
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1        Allison L. ("Mother") appeals the juvenile court's order terminating her parental rights to her three children, K.L., L.L., and W.L. ("the children").[1]  Mother challenges the sufficiency of the evidence and asserts that the Department of Child Safety ("DCS") failed to provide appropriate reunification services.  For the following reasons, we vacate the court's order and remand for further proceedings.

¶2        In October 2020, DCS removed the children from Mother's care.  DCS then petitioned for dependency, alleging in part that Mother was unwilling to provide proper and effective parental care by neglecting the children due to her alcohol abuse.  The juvenile court found the children dependent and ordered DCS to make reasonable efforts to provide reunification services.  In February 2022, DCS move to terminate Mother's parental rights based on chronic substance abuse and fifteen-months' care in an out-of-home placement.  *See* A.R.S. § 8-533(B)(3), (8)(c).  DCS alleged in part that Mother was unable to demonstrate sustained sobriety such that she could successfully parent the children.

¶3        At the June 2022 termination hearing, the court heard testimony from several witnesses, including a DCS specialist.  The specialist explained that despite Mother's participation in some reunification services, she continued to minimize her alcohol use.  Mother testified that she had not completed her substance testing since approximately January 2022, but explained she could not take time off from work sporadically without fear of losing her job.  At the conclusion of the hearing, the juvenile court terminated Mother's parental rights on both grounds alleged by DCS.

¶4        Mother timely appealed, and her appellate counsel filed a notice under Arizona Rule of Procedure for the Juvenile Court ("Rule") 607(e)(1)(B), stating he had reviewed the record and had found no non-

---

[1]        The juvenile court also terminated the parental rights of the children's father, who is not a party to this appeal.

frivolous issue to raise on appeal. Appellate counsel also stated he had informed Mother of her right to file a pro se brief. *See id.* After Mother submitted her opening brief and DCS filed its answering brief, we concluded there were non-frivolous issues that required further briefing. Thus, we issued an order striking the Rule 607 notice filed by Mother's appellate counsel and directed him to file a merits brief addressing all non-frivolous issues in the case, including several specific issues listed in the order. *See* Ariz. R.P. Juv. Ct. 608(b)(4) (authorizing appellate courts to take actions deemed "just and proper under the circumstances").

¶5 In Mother's opening brief filed by her appellate counsel, she argues the juvenile court erred because (1) the evidence does not support the finding that she has a history of chronic substance abuse and that it is likely to continue for a prolonged and indeterminate time period; and (2) DCS did not provide appropriate reunification services. *See* A.R.S. § 8-533(B)(3); *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 192 (App. 1999). In response, DCS concedes that the juvenile court erred, explaining its reasoning in part as follows:

> Mother participated in services, but she tested sporadically and alternately admitted and denied having a substance-abuse problem. Mother tested positive for marijuana exactly once (which the Department did not clearly identify as evidence of a substance-abuse problem) but did not test positive for alcohol or any other substance at any point in the dependency.

> Mother submitted diluted tests on five separate occasions, but the Department mistakenly interpreted them as "positive for alcohol," and there is no indication that the Department ever advised Mother that those tests were diluted or how to avoid such results.

> Meanwhile, the Department conditioned the return of the children to Mother's care on her ability to test negative for all substances consistently for a ninety-day period or to provide a live-in safety monitor, and Mother was unable to satisfy either condition. Mother struggled to engage in random substance testing because the nearest testing provider was located over an hour away in another state and was open only Monday through Friday for limited business hours.

> . . . .

[T]he Department concedes that its efforts fell short in that it required Mother to engage in random twice-weekly drug testing and to consistently test negative for ninety days before it would return the children to Mother's care, but it failed to address the logistical near-impossibility of Mother doing so successfully under the circumstances of this case.

. . . .

Additionally, the record indicates that Mother raised the issue with her substance-abuse treatment providers and suggests that she changed her work hours and even changed jobs at one point to attempt to comply with random testing. But the relevant portions of DCS's periodic reports to the juvenile court do not contain any indication that DCS acknowledged or attempted to assist Mother in addressing this challenge.

. . . .

Mother's inability to reasonably access random drug testing had implications beyond the Department's duty to make reasonable and diligent reunification efforts. It significantly weakened the juvenile court's inference that Mother's failure to test signified that she had not achieved sobriety and that she was either using her employment as an excuse to avoid testing or that her employment was interfering with her sobriety.

. . . .

[T]he Department submits that the juvenile court must reevaluate its finding after the Department corrects its mistaken claim that Mother had "tested positive for alcohol" on five occasions during the dependency.

Additionally, in light of the questionable value of any inference based on Mother's failure to test consistently and the fact that Mother did not test "positive for alcohol" at any point in the dependency, the Department concedes that reasonable evidence does not support the court's findings that Mother's substance abuse would likely continue for "a prolonged indeterminate period" and that she would not be capable of exercising proper and effective parental care and control "in the near future."

4

(Record citations omitted.)

**¶6** Having considered the appellate briefing and relevant portions of the record, we accept DCS's concession of error. Thus, we need not address whether the juvenile court's written findings are legally sufficient under *Logan B. v. Department of Child Safety*, 244 Ariz. 532 (App. 2018), or whether termination is in the children's best interests. We vacate the court's order terminating Mother's parental rights to the children and remand to the juvenile court for further proceedings.



AMY M. WOOD • Clerk of the Court
FILED: AA